UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ST. MICHAEL BALZARINI, | No. 2:14-cv-2001 DAD P |
| Plaintiff, | |
| v. | ORDER |
| JOE A. LIZARAGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application.

Plaintiff has also filed a motion for preliminary injunction. (ECF No. 8.)[1] Specifically, plaintiff moves for a preliminary injunction requiring defendants to provide him with treatment for Hepatitis C and with pain medications.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary

---

[1] The motion is similar in many respects to the first amended complaint that plaintiff filed two months later. (ECF No. 9.)

1  injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving
2  the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc.
3  v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  In cases brought by prisoners
4  involving conditions of confinement, Congress has provided that any preliminary injunction
5  "must be narrowly drawn, extend no further than necessary to correct the harm the court finds
6  requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18
7  U.S.C. § 3626(a)(2).

8      "The proper legal standard for preliminary injunctive relief requires a party to demonstrate
9  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
10 absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction
11 is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing
12 Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted)).
13 "Speculative injury does not constitute irreparable injury sufficient to warrant granting a
14 preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.
15 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).
16 Rather, a presently existing actual threat must be shown, although the injury need not be certain
17 to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC
18 v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, supra, 844 F.2d at 674.

19     A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties.
20 "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507
21 F.3d 605, 607 (7th Cir. 2007).  However, a federal court does have the power to issue orders in
22 aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would
23 impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v.
24 Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d
25 863 (9th Cir. 1989).

26     Here, plaintiff asserts that his "serious medical need exists and [defendants'] failure to
27 treat this Plaintiff['s] condition could result in further significant injury or death and the
28 unnecessary and wanton infliction of pain." (ECF No. 8 at 17.)  Such assertions, if accepted as

true, would likely justify preliminary injunctive relief. However, two aspects of this case cast doubt on the veracity of plaintiff's allegations.

The first is that exhibits attached to plaintiff's motion for preliminary injunction appear to belie his assertions regarding his lack of medical care. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.") Plaintiff has attached to his motion for preliminary injunction a copy of a response to one of his inmate grievances. The response, written by California Correctional Health Care Services ("CCHCS") and dated May 12, 2014, states that plaintiff "ha[s] been scheduled for a follow-up chronic pain management evaluation within the next three to four weeks . . . the Pain Management Committee will review your case to determine[] possible appropriate treatment for your pain." (ECF No. 8 at 24.) This response further provides that "[plaintiff's] request to be started on the Hepatitis C treatment as already approved is granted in part." (Id.) An earlier CCHCS response, dated April 2, 2014, to a first-level inmate grievance filed by plaintiff, also attached to the motion, states:

> Dr. Horowitz also said that your Hepatitis C is being care[d] for with ongoing evaluations. Dr. Horowitz said that you have repeatedly refused recommended medications. Dr. Horowitz said that there are currently no medications that can be given to reverse o[r] cure your disease. Dr. Horowitz said that if research changes this situation in the future, you will be re-evaluated for therapy.

(Id. at 36.) It appears from these exhibits attached to his own motion that plaintiff is neither being denied pain medications nor treatment for Hepatitis C, but merely that he disagrees with the course of prescribed medical treatment. It is well-settled that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a section 1983 deliberate indifference claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) "Rather, to show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) (internal quotations and citations omitted). Plaintiff fails to make such a showing in his motion for preliminary injunction.

There is another aspect of this case which suggests that plaintiff's claims regarding his lack of pain medication and treatment for Hepatitis C should be viewed with some skepticism: in a recently-dismissed action filed in the Fresno Division of this court, plaintiff raised similar claims regarding his medical care while imprisoned at California State Prison-Corcoran.[2]  See Balzarini v. Lewis, No. 1:13-cv-820-LJO-BAM.  The defendants in that action successfully moved to revoke plaintiff's in forma pauperis status because (i) he had previously filed more than three actions that were subsequently dismissed as frivolous, malicious, or for failure to state a claim, and (ii) he was not under imminent danger of serious physical injury at the time he filed his complaint.  A prisoner may not proceed in forma pauperis if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  In ruling in favor of defendants in plaintiff's earlier filed action, Magistrate Judge McAuliffe wrote:

> Plaintiff also alleged that he was being denied medical treatment and pain medications at the time of filing his complaint on May 28, 2013.  However, according to the undisputed evidence presented by Defendants, Plaintiff received medical care and medications, including pain medication, in the time period shortly before and after the filing of his complaint.  (UMF 15–18.)  Indeed, Defendants have presented undisputed evidence that Plaintiff was seen by medical staff on May 28, 2013, the date Plaintiff signed the complaint.  At the time, medical staff were concerned, not because prison doctors refused treatment or medication, but because Plaintiff himself refused needed medication.  During the examination, Plaintiff reportedly was "taking the medication right now." (UMF 18; Defs' Ex. MM.)  Additionally, Plaintiff's pain medication was continued and the treating physician ordered a non-formulary prescription of gabapentin for the neuropathic nature of Plaintiff's pain.  The treating physician also noted that Hepatitis C treatment had previously been denied due to decompensated cirrhosis. (Defs' Ex. MM.)

Balzarini v. Lewis, 2015 WL 2345464 (E.D. Cal. May 13, 2015).  Again, plaintiff's claims in his prior civil action seem to have originated in a disagreement over his course of medical treatment,

---

[2] Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California.

4

rather than due to deliberate indifference to his serious medical needs.

The court is aware that plaintiff's circumstances may have changed since the documents quoted above were issued, and that he is now "likely to suffer irreparable harm in the absence of preliminary relief," Stormans, Inc., 586 F.3d at 1127. Nevertheless, given that a "preliminary injunction is an extraordinary remedy," Winter, 555 U.S. at 24, the court must exercise caution in considering whether to issue the requested relief. Accordingly, the court will seek the input of California Correctional Health Services as to the current course of plaintiff's treatment before ruling on plaintiff's motion for preliminary injunction.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is denied without prejudice.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of plaintiff's request to proceed in forma pauperis on the form provided by the Clerk of Court. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

4. The Clerk of the Court is directed to immediately mail copies of this order and of plaintiff's motion for preliminary injunction (ECF No. 8) to J. Clark Kelso, Receiver, California Correctional Health Care Services, P.O. Box 588500, Elk Grove, CA 95758. The Receiver, in turn, is requested to provide the court with a status report as to plaintiff's medical status and treatment, if any, for pain and for Hepatitis C since May 2014.

Dated: June 11, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10/md
balz2001.3a+input

5